UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONY EDDY MEZA-MEJIA, *also known as* JONY EDDY MEZA-MEZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FCI FORT DIX,<br><br>Respondent. | Civil Action No. 25–0243 (SDW)<br><br><br>OPINION |

**WIGENTON**, District Judge:

Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Jony Eddy Meza-Mejia,[1] a federal prisoner presently detained in FCI Fort Dix, requesting an order that requires the Bureau of Prisons (BOP) to reinstate his First Step Act (FSA) good conduct credits. (ECF No. 1). Respondent Warden FCI Fort Dix opposes the Petition. (ECF No. 6). For the following reasons, the Petition is dismissed as unexhausted.

**I.    BACKGROUND**

Petitioner signed a plea agreement in which he pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846; possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). *United*

---

[1] Petitioner's surname is spelled as "Meza-Meza" in the underlying criminal matter and BOP records.

*States v. Meza-Meza*, No. 1:21–cr–0849 (N.D. Ohio Dec. 7, 2022) (ECF No. 62).[2] On December 9, 2022, Petitioner received an aggregate 76-month term of imprisonment to be followed by a five-year supervised release term. (*Id.* ECF No. 63). The sentencing court granted Petitioner's motion for a sentence reduction and resentenced him to a 63-month term on May 10, 2024. (*Id.* ECF No. 83). His projected release date from BOP custody is May 21, 2026. Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited May 19, 2025).

Petitioner filed his Petition on January 10, 2025. (ECF No. 1). He alleges that the BOP revoked his good conduct credits even though he does not have a final order of removal. (*Id.* at 10). Respondent opposes the Petition, arguing that Petitioner failed to exhaust his administrative remedies and is otherwise statutorily ineligible for good conduct credits. (ECF No. 6).

**II.   LEGAL STANDARD**

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus

---

[2] The Court takes judicial notice of the public filings in Petitioner's criminal case.

petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### III.     DISCUSSION

Respondent argues that the Petition should be dismissed because Petitioner did not exhaust the BOP's administrative remedy program. (ECF No. 6 at 9; *see also* ECF No. 6–1 ¶ 5). "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–

10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* According to BOP records, Petitioner did not file any administrative remedy requests. (ECF No. 6–4 at 1).

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. Petitioner argues that the exhaustion of administrative remedies would be futile "because the administrative body is shown to be [sic] biased or has predetermined the issue before it." (ECF No. 1–1 at 2). "[T]he administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or the purposes of exhaustion would not be served." *Johnson v. United States*, No. 14–cv–5207, 2014 WL 4388610, at *4 (D.N.J. Sept. 5, 2014). "However, the futility excuse applies when there is a showing that the agency's actions did and do clearly/unambiguously violate statutory or constitutional rights, and so the administrative procedures would be inadequate to prevent irreparable harm." *Id.* Petitioner's personal belief that the BOP would deny his administrative remedy request "is not a reason to excuse the firm requirement of exhaustion." *Garcia v. United States*, 518 F.App'x 78, 79 (3d Cir. 2013). Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.") This Court

4

finds that Petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss the Petition as unexhausted. An appropriate order follows.

Date: _____May 20_____, 2025

                                                         Hon. Susan D. Wigenton
                                                        United States District Judge

5